# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JESSICA RODRIGUEZ, LA'QUISHA HARRIS and ASHLEY WHITE on behalf of themselves and all others similarly situated

**DEFENDANTS**
INFINITE CARE, INC.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael R. Miller, Esq. of MARGOLIS EDELSTEIN; 215.922.1100 (Phone), 170 S. Independence Square W., The Curtis Center, Suite 400E, Philadelphia, PA 19106-3337

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 2101-2109 et seq.
Brief description of cause:
WARN Act litigation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** according to proof
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 04/06/2015
SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael Miller

APR 8 2015

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Margolis Edelstein, 170 S. Independence Mall W., Suite 400E, Philadelphia, PA 19106

Address of Defendant: 6423 Rising Sun Avenue, Philadelphia, Pennsylvania 19111

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act")

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Michael Miller, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: April 6, 2015    Michael Miller *(signature)*    306904
                       Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 6, 2015    Michael Miller    306904
                       Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JESSICA RODRIGUEZ, LA'QUISHA HARRIS and ASHLEY WHITE et al., v. INFINITE CARE, INC. | : : : : : : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| April 6, 2015 | Michael Miller | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-922-1100 | 215-922-1772 | mmiller@margolisedelstein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

JESSICA RODRIGUEZ, LA'QUISHA HARRIS and
ASHLEY WHITE on behalf of themselves and all
others similarly situated,
c/o Margolis Edelstein
The Curtis Center
170 S. Independence Mall W.
Philadelphia, PA 19106-3337

**COMPLAINT – CLASS ACTION**

**JURY DEMAND**

Plaintiffs,

v.

INFINITE CARE, INC.,
6423 Rising Sun Avenue
Philadelphia, Pennsylvania 19111

Defendant.

---

Jessica Rodriguez, La'quisha Harris and Ashley White (collectively, the "Plaintiffs") on behalf of themselves and a class of those similarly situated, by way of Complaint against Infinite Care, Inc., (hereinafter referred to as "Defendant"), by and through their counsel alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.* (the "WARN Act"). The Plaintiffs were employees of the Defendant until they were terminated as part of, or as a result of a plant closing ordered by the Defendant. As such, the Defendant is liable under the WARN Act for the failure to provide the Plaintiffs and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violation of the WARN Act alleged herein occurred in this District and more particularly Philadelphia, Pennsylvania. Venue in this Court is proper pursuant to 28 U.S.C § 123 (b)(2).

## THE PARTIES

4. Upon information and belief, at all relevant times Defendant was a Pennsylvania corporation which maintained a facility at 6423 Rising Sun Avenue, Philadelphia, Pennsylvania 19111 (the "Facility").

5. At all relevant times, Plaintiffs were employees who were employed by Defendant and worked at or reported to the Facility until their termination without cause on or about February 27, 2015.

6. On or about February 27, 2015, and thereafter, Defendant ordered the termination of the Plaintiffs' employment together with the termination of approximately 1,325 other employees who worked at or reported to the Facility as part of a plant closing as defined by the WARN Act, for which they were entitled to receive 60 days' advance written notice under the WARN Act.

7. At or about the time the Plaintiffs were terminated, Defendant ordered the termination of approximately 1,325 other similarly situated employees who worked at or reported to the Facility (the "Other Similarly Situated Employees").

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

8.  Pursuant to 29 U.S.C. § 2104 (a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the Other Similarly Situated Employees.

9.  Each of the Other Similarly Situated Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

10. Defendant was required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Employees at least 60 days' advance written notice prior to their terminations.

11. Prior to their terminations, neither the Plaintiffs nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

12. Defendant failed to pay the Plaintiffs and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS - RULES 23 (a) and (b)

13. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and the other employees who worked at the Facility and were terminated as part of a plant closing ordered by the Defendant at the Facility on or about February 27, 2015 and thereafter (the "Class").

14. The persons in the Class identified above (the "Class Members") are so numerous that joinder of all Class Members is impracticable.

15. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

3

*16.* The claims of the representative parties are typical of the claims of the Class.

*17.* The representative parties will fairly and adequately protect the interests of the Class.

*18.* The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

*19.* A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

*20.* There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendant who worked at or reported to the Facility;

(b) Whether Defendant terminated the employment of the Class Members as part of a plant closing without cause on their part and without giving them 60 days' advance written notice;

(c) Whether the Defendant may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense; and

(d) Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.

## **CLAIM FOR RELIEF**

*21.* At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

*22.* At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

*23.* On or about February 27, 2015 and thereafter, the Defendant ordered a "plant closing" at the Facility as that term is defined by 29 U.S.C. § 2101(a)(2) of the WARN Act.

*24.* The Plaintiffs and the Class Members who were terminated by Defendant as a result of Defendant ordering a plant closing at the Facility on or about February 27, 2015 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

*25.* The Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7) of the WARN Act.

*26.* Pursuant to Section 2102 of the WARN Act and 20 C.F.R. §§ 639.1 - 639.10 *et seq.*, Defendant was required to provide at least 60 days prior written notice of the terminations.

*27.* Defendant failed to provide at least sixty (60) days prior notice to the Class Members of their terminations.

*28.* The Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and

401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

    29.    As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the Class Members' terminations.

**WHEREFORE**, the Plaintiffs and Class Members demand judgment against the Defendant as follows:

    a.    An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period for sixty (60) working days following the member employees' termination, all determined in accordance with the WARN Act;

    b.    Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Class Members constitute a single class;

    c.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

    d.    Appointment of the undersigned attorneys as Class Counsel;

    e.    Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation for their services as such,

    f.    The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and

    g.    Such other and further relief as this Court may deem just and proper.

MARGOLIS EDELSTEIN

Dated: April 6, 2015    BY:    /S/ Michael R. Miller
Michael R. Miller, Esquire (PA 306904)
The Curtis Center
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Tel. (215) 922-1100
Fax (215) 922-1779
mmiller@margolisedelstein.com

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
David C. Tufts (TUFTD7673)
210 S. Washington Ave.
Post Office Drawer 3103
Mobile, AL 36652
P: (251) 433-8100
F: (251) 433-8181

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
733 St. Antoine, 3rd Floor
Detroit, Michigan 48226
P: (313) 962-6540

*Attorneys for Plaintiffs*