IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA RODRIGUEZ, LA'QUISHA HARRIS and ASHLEY WHITE, | Case No. 2:15-cv-01824-NIQA |
| Plaintiffs, | Electronically Filed |
| v. | |
| INFINITE CARE, INC., | |
| Defendant | |

## DEFENDANT INFINITE CARE, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Infinite Care, Inc., by its undersigned counsel, answers plaintiffs' complaint and asserts affirmative defenses as follows:

1. Admitted in part; denied in part. It is admitted that the named plaintiffs were employed by defendant and that their employment was terminated on February 28, 2015. While plaintiffs purport to bring a claim under the WARN Act, it is denied that plaintiffs are entitled to any relief.

2. Denied as a conclusion of law to which no response is required.

3. Admitted in part; denied in part. While it is admitted that the alleged acts occurred within the Eastern District of Pennsylvania and more particularly, Philadelphia, Pennsylvania, it is denied that there was any violation of the WARN Act.

4. Admitted.

5. Admitted in part; denied in part. It is admitted that the named plaintiffs worked directly at the Facility and that their employment was terminated without cause. It is denied that termination was on February 27, 2015; on the contrary, it was on February 28, 2015.

6. Admitted in part; denied in part. It is admitted that defendant terminated the employment of its employees on February 28, 2015. The remaining averments are denied as conclusions of law to which no response is required. To the extent the remaining averments are deemed to be factual, they are denied.

7. Denied.

8. Denied. While plaintiffs purport to bring a class-based claim, it is denied that they are entitled to any relief.

9. Denied as a conclusion of law to which no response is required.

10. Denied as a conclusion of law to which no response is required. It is specifically denied that defendant violated the WARN Act.

11. Denied.

12. Denied.

13. Denied. While plaintiffs purport to bring a class-based claim, it is denied that they are entitled to any relief.

14. Denied as a conclusion of law to which no response is required.

15. Denied as a conclusion of law to which no response is required.

16. Denied as a conclusion of law to which no response is required.

17. Denied as a conclusion of law to which no response is required.

18. Denied as a conclusion of law to which no response is required.

19. Denied as a conclusion of law to which no response is required.

20. Denied as a conclusion of law to which no response is required.

21. Admitted.

22. Denied as a conclusion of law to which no response is required.

23. Denied as a conclusion of law to which no response is required.

24. Denied as a conclusion of law to which no response is required.

25. Denied as a conclusion of law to which no response is required.

26. Denied as a conclusion of law to which no response is required.

27. Denied as a conclusion of law to which no response is required.

28. Denied.

29. Denied.

WHEREFORE, Defendant Infinite Care, Inc. respectfully requests that judgment be entered in its favor and that it be awarded reasonable costs and disbursement incurred in defending this action, attorneys' fees pursuant to 29 U.S.C. § 2104(a)(6) and for such other and further relief as the Court deems just and proper.

**First Affirmative Defense**

Plaintiffs' claims and putative Class Members' claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Infinite Care, Inc. did provide notice to plaintiffs and putative Class Members' under the WARN Act.

**Third Affirmative Defense**

Plaintiffs' claims and putative Class Members' claims are barred in whole or in part on the grounds that the closure of Infinite Care, Inc.'s business was caused by business circumstances that were not reasonably foreseeable at the time that any notice under the WARN Act would have been required.

### Fourth Affirmative Defense

At all times pertinent hereto, Infinite Care, Inc. acted in good faith.

### Fifth Affirmative Defense

Plaintiffs' damages and putative Class Members' claims, if any, are limited to salary or wages and benefits for working days during the relevant 60 calendar day period during which they were not paid under the WARN Act.

### Sixth Affirmative Defense

Plaintiff's and putative Class Members' claims are barred by the unforeseeable business circumstances defense as set forth in 29 U.S.C. § 2102(b)(2)(A).

### Seventh Affirmative Defense

Plaintiffs and putative Class Members' claims are barred, in whole or in part, because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce their recovery and the allocation of fault, if any, attributable to Defendant.

### Eighth Affirmative Defense

If any plaintiff is found to be entitled to recover pursuant to 29 U.S.C. § 2104(a)(1), then such recovery must be reduced, pursuant to 29 U.S.C. § 2104(a)(2), by wages paid to any plaintiff, any voluntary and unconditional payments to any plaintiff not required by legal obligation, or payments made to third parties on behalf of and attributable to any plaintiff.

### Ninth Affirmative Defense

Infinite Care, Inc. avers all defenses available to it under the WARN Act.

**Tenth Affirmative Defense**

Defendant reserves the right to further plead such defenses, affirmative defenses and counterclaims as may become necessary or appropriate following discovery in this case.

WHEREFORE, Defendant Infinite Care, Inc. respectfully requests that judgment be entered in its favor and that it be awarded reasonable costs and disbursement incurred in defending this action, attorneys' fees pursuant to 29 U.S.C. § 2104(a)(6) and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Steven K. Ludwig
Steven K. Ludwig, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
(215) 299-2000 (phone)
(215) 299-2150 (facsimile)
sludwig@foxrothschild.com

Counsel for Defendant
Infinite Care, Inc.

Dated:  July 7, 2015

30612554

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served this day upon the following counsel of record via he Court's electronic transmission facilities:

Michael R. Miller, Esq.
mmiller@margolisedelstein.com


/s/ Steven K. Ludwig
Steven K. Ludwig, Esquire

Dated: July 7, 2015

30612554