Ex. A to the Settlement Agreement

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA RODRIGUEZ, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No. 2:15-cv-01824-NIQA |
| : | |
| INFINITE CARE, INC., : | |
| : | |
| Defendant. : | |

### DECLARATION OF M. VANCE MCCRARY IN FURTHER SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, INCLUDING FINAL APPROVAL OF ATTORNEYS' FEES

M. Vance McCrary hereby makes the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

**Background**

1. This declaration is submitted in further support of final approval of the March 31, 2016 Settlement Agreement and Release [ECF 28-1, the "Settlement Agreement"], including final approval of attorneys' fees and costs, as requested in the parties' Joint Motion For Order (1) Preliminarily Approving Settlement Agreement; (2) Approving Form and Manner of Notice to the Proposed Settlement Class; (3) Appointing Class Counsel; (4) Appointing Class Representative; (5) Scheduling a Final Fairness Hearing for the Final Consideration and Approval of the Settlement; and (6) Finally Approving the Settlement ("Motion for Preliminary Approval") [ECF 28] and in Plaintiff's Motion for Final Approval of Settlement Agreement and for Approval of Attorneys Fees and Costs ("Final Approval Motion") filed contemporaneously herewith.

2. I am an attorney employed by The Gardner Firm, P.C., and I have an of counsel relationship with Lankenau & Miller, LLP. The Gardner Firm, P.C., along with Lankenau &

1

Miller, LLP, represent Plaintiff Jessica Rodriguez in this action, under the Worker Adjustment and Retraining Notification (WARN) Act of 1988 (29 U.S.C. §§ 2101 – 2109).

3. The Settlement Agreement and Release which is the basis of, and which is attached to, the Motion for Preliminary Approval is between the Plaintiff on behalf of herself and on behalf of the Settlement Class and Defendant Infinite Care, Inc. ("Defendant" or "Infinite Care").

**Summary of Procedural History of the Case**

4. On April 8, 2015, Plaintiff filed a Class Action Complaint and Jury Demand against Defendant (the "Complaint"). The Complaint alleges a Rule 23 class claim asserting that the Defendant violated the Worker Adjustment and Retraining Notification Act of 1988 (29 U.S.C. §§ 2101 – 2109) ("WARN Act"). The Complaint alleges that Defendant employed more than 100 employees who worked at least 4,000 hours per week within the United States; and that Defendant ordered a plant closing, as defined by the WARN Act, on or about February 27, 2015 at its facility located at 6423 Rising Sun Avenue, Philadelphia, Pennsylvania 19111 (the "Facility") that resulted in the loss of employment for at least 50 non-part time employees who worked at or reported to the Facility. The Complaint further alleges that a class should be certified consisting of the Plaintiff and the other similarly situated former employees terminated from the Facility, without cause on their part, on or about February 27, 2015, and thereafter, as the reasonably expected consequence of the plant closing, as defined by the WARN Act. The Complaint further alleges that the Plaintiff and the other similarly situated former employees terminated on or about February 27, 2015, and thereafter, as the reasonably foreseeable consequence of the plant closing are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendant 60 days' advance written notice

of termination, as required by the WARN Act; and that the Defendant failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act. The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23.

5. On July 7, 2015, the Defendant filed its Answer to the Complaint (the "Answer"). In its Answer, the Defendant asserted numerous affirmative defenses including the "unforeseeable business circumstances" exception. Defendant also asserted its actions were taken in good faith.

6. Also on July 7, 2015, a scheduling order was entered and the parties commenced written discovery. Following extensive discovery, including written discovery requests and responses, voluminous document production, and non-party discovery, the Parties agreed to mediate the WARN Act claims, along with wage and overtime claims made by separate lawsuit (Rodriguez, et al. v. Infinite Care, Inc., Civil Action No. 2:15-cv-02492-HB). A mediation was ultimately held on January 28, 2016 with The Honorable Elizabeth T. Hey. While Counsel for the Plaintiff and Defendant disagree as to whether Defendant has any obligation or liability under the WARN Act with respect to the claims asserted in the Complaint, in order to avoid further costly litigation and the uncertainties and risks associated therewith, the Parties agreed at the mediation to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action arising from the Complaint, and to enter into this Settlement Agreement, which includes certification of a proposed Settlement Class.

7. On March 31, 2016, Plaintiff and Defendant (the "Parties") filed their Joint Motion for Order (1) Preliminarily Approving Settlement Agreement; (2) Approving Form and Manner of Notice to the Proposed Settlement Class; (3) Scheduling a Final Fairness Hearing for

the Final Consideration and Approval of the Settlement; and (4) Finally Approving the Settlement (the "Motion for Preliminary Approval") with the Court. [ECF 28].

8. The Court found that the proposed notice of settlement (the "Class Notice"):

> "...meets the requirements of Fed. R. Civ. P. 23(c)(2)(B)"... "The Class Notice sufficiently describes, in clear, concise and easily understood language, the nature of the action and claims, respectively, the class certified, and the issues and defenses. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Settlement Class Members. The Notice also summarizes the terms of the Settlement Agreement, the right of and manner for each Settlement Class Member to opt-out or object to the Settlement Agreement, the right of each Settlement Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Notice informs the Settlement Class Members that the Settlement Agreement provides for the release of their claims as identified in the Settlement Agreement, and the payment of Class Counsel's attorneys' fees and litigation expenses. *See* Fed. R. Civ. P. 23(h)."

[ECF 30, at 2-3].

9. The Class Notices were mailed to the last known addresses of each of the 1,430 Settlement Class Members on April 22, 2016. The objection and opt-out deadline contained in the Class Notice was June 24, 2016, and there have been no objections received from any Settlement Class Member, and only 8 opt-outs.[1]

**The Settlement**

10. The Agreement reflects the result of arms' length, good faith negotiations which took place before and during a mediation with The Honorable Elizabeth T. Hey. The Agreement reflects the recognition by the Parties that there are significant, complex issues regarding the application of the WARN Act, and the various cases and regulations interpreting the Act. In this regard, the Plaintiff and the Defendant disagree as to whether the Defendant has any obligation or liability under the WARN Act with respect to the Settlement Class Members' claims. If

---

[1] The opt-outs include: Gerthy Bijoux; Alisa Parker; Roberto Rodriguez; Lourdes Santos; Jackie Stevens; Elena Zorrilla; Mayerlin Zorrilla; and Mery Zorrilla.

4

Defendant ended up successful in the litigation, the Settlement Class Members would receive nothing. If the Plaintiff ended up successful in the litigation, however, the Settlement Class Members could have a claim against the Defendant for as much as $3,000,000. Even if Plaintiff was successful in establishing a $3,000,000 claim against Defendant, there is no chance of recovering that amount. The Defendant has pled guilty to felonies including the offense of Corrupt Organizations and Medicaid Fraud, and the only money it has remaining is in an escrow account established pursuant to a plea agreement with the Commonwealth of Pennsylvania. *See* Exhibit A attached hereto. The $472,000 settlement amount in this case represents the entirety of the funds remaining in the escrow account. While originally there was more than that in the account, it has been depleted to this amount after other amounts were used for other purposes which benefitted the former employees, including a settlement with the Commonwealth of Pennsylvania Department of Labor and Industry Bureau of Labor Law Compliance for back wages and overtime.

11. To avoid extensive, costly litigation over these issues, the Plaintiff and the Defendant, through their respective counsel, engaged in significant negotiations regarding a possible consensual resolution of this litigation. As a result of the Parties' negotiations, and as fully set forth in the Agreement, the Plaintiff and the Defendant wish to fully and finally compromise, settle and resolve any and all demands, claims, damages and causes of action, present or future, which relate to or are based on employment of the Plaintiff and the other proposed Settlement Class Members with Defendant including but not limited to the WARN Act, the Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Law and/or the Pennsylvania Minimum Wage Act, state statutory law (excluding workers' compensation laws, unemployment compensation laws and discrimination laws) or common law (*e.g.*, unjust

enrichment, quantum meruit) concerning their compensation, hours of work, pay for those hours of work, or Defendant's payroll practices on the terms and conditions set forth in the Agreement.

12. In its Amended Preliminary Approval Order, the Court certified a class for settlement purposes only consisting of:

> *"all of those employees laid off on or about February 27, 2015, and thereafter, as the reasonably foreseeable consequence of the plant closing, who suffered an 'employment loss' as defined by the WARN Act, who do not opt-out of the Settlement Class ('Settlement Class Members')."*

[ECF 30, at 2].

13. Further, the Court appointed Plaintiff as the Class Representative and appointed The Gardner Firm, P.C. and Lankenau & Miller LLP as Class Counsel. [ECF 30, at 2].

14. Pursuant to the terms of this Settlement Agreement, the Settlement Amount shall be equal to $472,000, payable by Defendant via wire transfer to The Gardner Firm, PC (according to instructions to be supplied by Class Counsel) within five business days of entry of the Final Order[2]. Once received, the Settlement Amount shall be distributed by Class Counsel as follows, if the Court approves: (a) a one-time payment of $5,000 to Jessica Rodriguez for her services rendered in this action (the "Service Payment") and (b) the balance, after one third attorney fees, plus expenses of litigation, shall be divided equally among the proposed Settlement Class Members. Following receipt of the Settlement Amount from Defendant, Class Counsel shall then promptly distribute settlement checks, along with an IRS Form 1099, to each Settlement Class Member.

---

[2] The term "Final Order" shall mean an order by the Court, approving this Settlement Agreement on a final basis.

**Class Counsel: The Gardner Firm, P.C. and Lankenau & Miller, LLP**

15. The team of lawyers representing the class in this case is highly skilled and experienced. See Exhibit B attached hereto (transcript from final fairness hearing in *Owens, et al. v. Carrier* Corporation, Case No. 2:08-cv-02331-SHM (D. Tenn 2008). The following attorneys performed work in this matter:

a. **Vance McCrary**

16. I along with co-counsel in this matter have unique and substantial experience prosecuting WARN Act class actions. We have more combined experience prosecuting WARN Act class actions than any law firm in the country. This experience has been, and will be, a real benefit to the settlement class.

17. I am a partner at The Gardner Firm, P.C. The Gardner Firm is principally located in Mobile, Alabama, with other offices in Birmingham, Alabama, Montgomery, Alabama and Washington D.C. I attended the University of Alabama School of Law, graduating in 2001. I am admitted to practice law in the state and federal courts of Alabama, as well as various U.S. Circuit Courts of Appeals and the U.S. Supreme Court. My practice focuses on the litigation of WARN Act claims. I am lead class counsel in several state court class actions in Alabama and I am also co-lead class counsel in many nationwide class cases litigated in federal district courts and the bankruptcy courts on behalf of claimants seeking pay for violation of the WARN Act. I have served as class counsel in more than forty (40) WARN Act class actions. A sampling of those WARN Act class actions include: *Grady, et al. v. Quantegy, Inc.*, Case No. 05-80042 (Bankr. M.D. Ala.) (class of approximately 225 employees seeking WARN Act pay); *Austin, et al. v. New Century TRS Holdings, et al.*, Adversary Case. No. 07-50970-KJC (Bankr. D. Del.) (class of approximately 1500 employees seeking WARN Act pay); *Salvador, et al. v. People's Choice*

7

*Financial Corp., et al.*, Adversary Case No. SA 07-1098-RK (Bankr. C.D. Cal.) (class of approximately 750 employees seeking WARN Act pay and wage payments); *Viera, et al. v. Accredited Home Lenders, Inc., et al.*, Case No. 1:07-CV-00719-SS (W.D. Tex) (class of approximately 250 employees seeking WARN Act pay); *Cimmino, et al. v. Foxtons, Inc., et al.*, Adversary Case No. 07-2201 (MBK) (Bankr. D.N.J.) (class of approximately 250 employees seeking WARN Act pay); *Meyers, et al. v. Barber & Ross Company*, Adversary Case No. 07-05026 (Bankr. W.D. Va.) (class of approximately 250 employees seeking WARN Act pay); *Smith, et al. v. Merit Health Systems, LLC*, Case No. 3:08-CV-0477-M (N.D. Tex) (class of approximately 300 employees seeking WARN Act pay); and *Koch, et al. v. American Home Mortgage Corp.*, Adversary Case No. 07-51688 (Bankr. D. Del.) (class of approximately 2300 employees seeking WARN Act pay). In addition to my work at The Gardner Firm, I am also of counsel at Lankenau & Miller, LLP.

**b.     Mary E. Olsen**

18.     Mary E. Olsen is a partner at The Gardner Firm, P.C. She is also of counsel at Lankenau & Miller, LLP and is involved in this matter. Ms. Olsen attended the University of Alabama School of Law and was admitted to the practice of law in Alabama in 1994 and in Florida in 1995. She is listed in Naifeth and Smith "The Best Lawyers in America," Labor and Employment Law, in the most recent edition of that publication and previous editions. Her current practice primarily involves WARN Act class litigation on a nationwide basis. She has served as class counsel in more than forty (40) WARN Act class actions. She has extensive experience in handling matters of this type. A sampling of the WARN Act class actions that she has litigated include: *Charter Behavioral Health Systems, Inc., et al.*, Case No. 00-00989-01089 (Bankr. D. Del.) (class of approximately 5000 employees seeking WARN Act pay); *Eleanor Hoffman, et al.*

8

*and International Association of Machinists and Aerospace Workers, Local Union No. 261, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 991 and Glass, Molders, Pottery, Plastics and Allied Workers, Local 338, on Behalf of Bargaining Unit Employees of Mobile Pulley and Machine Works vs. Mobile Pulley and Machine Works and Mobile Pulley, LLC*, Case No. 02-15612 (Bankr. S.D. Ala.) (class of approximately 45 employees and three unions seeking WARN Act pay); *Walsh, et al. v. Consolidated Freightways Corporation*, Case No. 03-1074 MG (Bank. C.D. Cal) (class of approximately 3000 employees seeking WARN Act pay); *Grady, et al. v. Quantegy, Inc.*, Case No. 05-80042 (Bankr. M.D. Ala.) (class of approximately 225 employees seeking WARN Act pay); *Austin, et al. v. New Century TRS Holdings, et al.*, Adversary Case. No. 07-50970-KJC (Bankr. D. Del.) (class of approximately 1500 employees seeking WARN Act pay); *Salvador, et al. v. People's Choice Financial Corp., et al.*, Adversary Case No. SA 07-1098-RK (Bankr. C.D. Cal.) (class of approximately 750 employees seeking WARN Act pay and wage payments); *Viera, et al. v. Accredited Home Lenders, Inc., et al.*, Case No. 1:07-CV-00719-SS (W.D. Tex) (class of approximately 250 employees seeking WARN Act pay); *Cimmino, et al. v. Foxtons, Inc., et al.*, Adversary Case No. 07-2201 (MBK) (Bankr. D.N.J.) (class of approximately 250 employees seeking WARN Act pay); *Meyers, et al. v. Barber & Ross Company*, Adversary Case No. 07-05026 (Bankr. W.D. Va.) (class of approximately 250 employees seeking WARN Act pay); *Smith, et al. v. Merit Health Systems, LLC*, Case No. 3:08-CV-0477-M (N.D. Tex) (class of approximately 300 employees seeking WARN Act pay) and *Koch, et al. v. American Home Mortgage Corp.*, Adversary Case No. 07-51688 (Bankr. D. Del.) (class of approximately 2300 employees seeking WARN Act pay).

### c. **David C. Tufts**

19. David C. Tufts was an associate attorney employed by The Gardner Firm, P.C. when he worked on this matter. Mr. Tufts is a 2008 graduate of the Howard University School of Law. Mr. Tufts is admitted to practice law in the state and federal district courts of Alabama. Mr. Tufts has been appointed as class counsel in more than ten (10) WARN Act class action cases, including: *D'Amico v. Tweeter Opco, LLC (In re: Tweeter Opco, LLC)*, 08-AP-51800-MFW (Bankr. D. Del.); *Nieves v. Community Choice Health Plan of Westchester, Inc.*, 7:08-CV-00321-VB-PED (S.D.N.Y.); *Robbins v. Durham School Services, L.P.*, 1:09-CV-00609-LY (W.D. Tex.); *Contini v. Prentice Capital Management, L.P.*, 3:10-CV-30180-WGY (D. Mass.); *Kizer v. Summit Partners, L.P.*, 1:11-CV-00038 (E.D. Tenn.); *Wenzel v. Partsearch Technologies Inc. (In re: Partsearch Technologies, Inc.)*, 11-AP-01445 (MG) (Bankr. S.D.N.Y.); *Cook v. ATI Enterprises, Inc.*, 4:12-cv-904-Y (N.D. Tex.); *In re: Trainor Glass Company*, No. 12 B 09458 (Bankr. N.D. Ill.); *Schroeder v. Hess Industries, Inc.*, 1:12-cv-668-GJQ (W.D. Mich.); *Clark v. PHWD, LLC d/b/a All Faith Pavilion*, 1:12-cv-4498 (N.D. Ill.); *Knapp v. Badger Technologies, Inc.*, 6:12-cv-6637-CJS-MWP (W.D.N.Y.); *Shepherd v. ASI, Ltd.*, 295 F.R.D. 289 (S.D. Ind. 2013); and *Niece v. A&G Coal Corporation*, 7:13-cv-580 (W.D. Va.).

### d. **Stuart J. Miller**

20. Stuart Miller is a partner at Lankenau & Miller, LLP, which is located in New York, New York. The firm specializes in labor and employment law and actively litigates WARN Act cases throughout the United States on behalf of labor organizations and private individuals.

21. Mr. Miller attended Columbia Law School and was admitted to the practice of law in New York in 1988. For more than fifteen years, his practice has almost exclusively involved

WARN Act class litigation on a nationwide basis. He has served as class counsel in more than ninety (90) WARN actions. He has extensive experience in handling matters of this type.

22.  A sampling of the WARN Act class actions that Mr. Miller has litigated include: *In re: Able Labs* Case No. 05-33129 (Bankr. D. N.J 2005) (Class of approximately 300 former employees seeking WARN damages), *Cain, et al. v. Inacom Corp.*, Case No. 00-2426 (Bankr. D. Del. 2000) (Class of approximately 4,000 former employees seeking WARN damages); *Galletti, et al. v. Pan American Hospital Corporation*, Case No. 02-20017 (D. Fla. 2002) (Class of approximately 600 former employees seeking WARN damages); *Rommel, et al. v. Aegis Mortgage Corporation, et al.*, Case No. 07-11119 (Bankr. D. Del. 2007) (Class of approximately 1,127 former employees seeking WARN damages); *Mofield, et al. v. FNX Mining Co. USA Inc., et al.*, Case No. 2:08-cv-00105 (M.D. Tenn. 2008) (Class of approximately 232 former employees seeking WARN damages); *Caouette, et al v. National R.V. Holdings, Inc.*, Case No. 07-17941 (Bankr. C.D. Cal. 2007) (Class of approximately 577 former employees seeking WARN damages); *Noell v. Oceans Casino Cruises, Inc.*, Case No., 8:08-cv-00683-JSM-TBM (M.D. Fla. 2008) (Class of approximately 108 former employees seeking WARN damages); *Crawley, et al. v. Skybus Airlines Inc.*, Case No. 08-10637 (CSS) (Bankr. D. Del. 2008) (Class of approximately 342 former employees seeking WARN damages); *Crabtree v. Sofa Express, et al.*, Case No. 07-09024 (Bankr. M.D. Tenn. 2007) (Class of approximately 271 former employees seeking WARN damages); *Gardner, et al. v. Pillowtex Corporation* Case No. 03-12339-12355 (Bankr. D. Del. 2003) (Class of approximately 1200 former employees); *Campbell, et al. v. APA Trucking Transport, Corp.* Case No. 02-cv-3480-GEB (D. NJ 2002) (Class of approximately 348 former employees seeking WARN damages); *Owens, et al. v. Carrier Corporation*, Case No. 2:08-cv-02331-SHM-TMP (W.D. Tenn. 2008) (Class of approximately 784 former employees seeking

11

WARN damages); *Kettel v. Bill Heard Enterprises, Inc., et al.*, Case No. 08-83029-JAC11 (Bankr. N.D. Ala. 2008) (Class of approximately 2,960 former employees seeking WARN damages); *Peebles v. Inoveris, LLC* Case No. 2:09-CV-53 (S.D. Ohio 2009) (Class of approximately 123 former employees seeking WARN damages).

23. Since 2000, Lankenau & Miller has acted as cooperating counsel to the Maurice & Jane Sugar Law Center, a not for profit employee rights organization which has, for more than 15 years, regularly been publishing an annual treatise on WARN Act litigation and which has testified on numerous occasions before Congress concerning the WARN Act.

24. I submit that Plaintiff's counsel are experienced and well-suited to have negotiated the best resolution of this matter.

**Proposed Class Counsel Fees are Fair and Reasonable**

25. The proposed class counsel fees of one-third of the settlement amount, after a service fee is paid to the Plaintiff (so as to not capture any attorneys' fee on the Plaintiff's service fee) are fair and reasonable. The class notice, which was mailed to every class member, fairly apprised the class members that the undersigned are seeking one-third of the common fund as attorneys' fees. None of the class members objected to the reasonableness of the settlement or the fees and expenses sought. Further, the one third fee requested ($155,666.67) is roughly equal to if Plaintiffs' counsel had been paid their hourly rates for the hours they have spent litigating this case. Collectively, through September 15, 2016, Class Counsel have approximately 263.9 hours litigating this case (not including local counsel time), which at our rates[3] would equal

---

[3] It is very difficult to assign an "ordinary billing rate" for the sort of work performed *in this case* because it is the sort that we would normally only accept on a contingency fee basis. With that said, in the local geographic market, and in my opinion, the following rates for my work, and the work of my co-counsel, are reasonable for this type of class action litigation, considering the complexity of the issues, the inherent risk on non-recovery associated with this case, coupled with each lawyer's years of experience in litigating complex labor and employment issues: Stuart Miller's rate - $695; Mary Olsen's rate - $550; David Tufts's rate - $300; my rate - $500.

approximately $136,765.00. Based upon experience, I would project that at least another $15,000.00 of attorney time, beyond what has been accounted for so far, will be incurred in connection with this litigation for matters such as: preparing for and traveling to the September 27, 2016 Final Fairness Hearing, additional work responding to class member inquiries and handling the preparation and distribution of settlement checks. All of the nearly 264 hours spent so far are reasonable and non-duplicative, as shown by the time summary sheets, attached hereto as Exhibit C, which accurately reflect my time, as well as my co-counsel's time.

26. In addition, Plaintiff's counsel has incurred reasonable expenses and costs associated with the litigation of this case. The expenses and costs incurred by Plaintiff's counsel as of September 15, 2016 total $7,397.39. Those expenses and costs have been calculated based upon the rates at which The Gardner Firm, P.C. customarily bills clients for such expenses. All of these expenses were reasonable and necessary and in furtherance of the litigation and ultimate settlement of this matter. Expenses and costs which were incurred by Plaintiff's counsel are detailed on the time summary sheets, attached hereto as Exhibit C. Plaintiff's counsel will incur additional costs related to travel and lodging for attendance at the final fairness hearing set on September 27, 2016, and still other costs related to the administration of the settlement, once Court approved. Plaintiff's counsel expects those additional costs to be rather minimal and in any event not to cause the total costs in the case to exceed $10,000.00.

27. Although courts in the Third Circuit may apply either the percentage-of-recovery or lodestar method to determine the reasonableness of an attorney's fee request, *see Sullivan v DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011) (en banc), the percentage-of-recovery method has long been preferred in common fund cases. *See In re Prudential*, 148 F.3d at 333-34. To determine the reasonableness of a percentage-of-recovery fee award, the Court must

consider the ten factors identified in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) and *In re Prudential*, 148 F.3d 283. An analysis of those factors, which strongly support the reasonableness of the fee requested in this case, is detailed in Plaintiff's Motion for Final Approval of Settlement Agreement and for Approval of Attorneys Fees and Costs filed contemporaneously herewith.

28. Additionally, an award of one-third of the common fund as an attorney's fee to class counsel is common in WARN Act class action settlements. "[I]n more than 30 WARN actions class counsel was awarded a one-third fee." *Guippone v. BH S&B Holdings, LLC*, Case No. 09 Civ. 01029 (CM), 2011 U.S. Dist. LEXIS 126026, at *27-28 (S.D.N.Y. Oct. 28, 2011) (citing *In re Consolidated Freightways Corporation*, Case No. 02-24284-MG (Bankr. C.D. Cal.); *Powell v. Creighton Incorporated*, Case No. 1:01CV779 (M.D.N.C.); *In re CTC Communications Group, Inc.*, Case No. 02-12873 (PJW) (Bankr. D. Del.); *Madley v. Florida Cypress Gardens, Inc.*, Case No. 8:03-CV-00795-T-17TBM (M.D. Fla.); *In re Dollar Land, Inc.*, Case No. 02-14547 (Bankr. E.D. Pa); *Johnson v. GMAC Mortgage Group, Inc.*, Case No. C04-2004-LRR, (N.D. Iowa); *Morris v. Greenwood Mills. Inc.*, Civil Action No. 8:02-221-24, (D. S.C.); *In re Inacom Corp*, Case No. 00-2426 (PJW) (Bankr. D. Del.); *Teligent, Inc.*, Case No.: 01-12974(SMB) (S.D.N.Y.); *Bandel v. L.F. Brands Marketing, Inc.*, Civil Action No. 04 CV 1672 (CSH) (S.D.N.Y.); *Baker v. The National Machinery Company*, Case No. 3:02CV7444 (N.D. Ohio); *Deninno v. Penn American Coal Company, L.P.*, Civil Action No. 03-0320 (D. W.D. Pa.); *In re Pliant Systems, Inc.*, Case No. 01-01264-5 ATS (Bankr. E.D.N.C.); *Adkins v. Pritchard-Brown*, Case No. 5:03CV129-OC 10 GRJ, (M.D. Fla.); *Gibson v. Sonic Foundry, Incorporated*, Case No. CV-03-4062 SVW (CD. Cal.); *In re Thomaston Mills, Inc.*, Case No. 01-52544 (RFH) (Bankr. M.D. Ga); *Ballentine v. Triad International Maintenance Corporation*,

14

Case No. 0 1-1 0357 (E.D. Miss.); *Trout v. Transcom USA*, Case No. 1:03-cv-0537-LJM-WTL, (S.D. Ind.); *Padgett v. Wireless Retail, Inc.*, Case No. CV04 1170 PHX-SR, (D. Ariz.)). In addition to the cases cited by the *Guippone* Court, other courts have awarded a third of the common fund as attorneys' fees in WARN Act class action settlements. *See Kizer v. Summit Partners, L.P.*, Case No. 1:11-CV-38 (E.D. Tenn. Jul. 10, 2012); *Nieves v. Community Choice Health Plan of Westchester, Inc.*, Case No. 7:08-CV-321 (S.D.N.Y. May 8, 2012); *Robbins v. Durham School Services, L.P.*, Case No. 1:09-CV-609 (W.D. Tex. May 31, 2011); *Hackworth v. Telespectrum Worldwide, Inc.*, Case No. 3:04-CV-1271 (S.D. W.Va. Aug. 3, 2006).

**Conclusion**

29. In view of the foregoing, and supported by the annexed exhibits and the Joint Motion for Preliminary Approval of the Settlement and the Final Approval Motion, I ask that the Court finally approve the settlement agreement, including attorneys' fees of $155,666.67 to Plaintiff's counsel and reasonable costs up to $10,000.00 to Plaintiff's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 19, 2016

_____
M. Vance McCrary