Ex. B to the Settlement Agreement

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA RODRIGUEZ, *et al.*,  :  | |
| :  | |
| Plaintiffs,  :  | |
| :  | |
| v.  :  | Case No. 2:15-cv-01824-NIQA |
| :  | |
| INFINITE CARE, INC.,  :  | |
| :  | |
| Defendant.  :  | |
| :  | |

**NOTICE TO SETTLEMENT CLASS MEMBERS OF:**
<u>**(A) PROPOSED CLASS ACTION SETTLEMENT OF WARN ACT CLASS LITIGATION; (B) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND (C) RIGHT TO OPT-OUT OR OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING**</u>

**Opt-Out Deadline:  June 24, 2016**
**Objection Deadline: June 24, 2016**

**Hearing on Fairness of Proposed Settlement: September 27, 2016 at 10:00 a.m.,** United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Courtroom 8B, 601 Market Street, Philadelphia, Pennsylvania 19106.

**TO:**   All of those employees laid off on or about February 27, 2015, and thereafter, as the reasonably foreseeable consequence of the plant closing, who suffered an "employment loss" as defined by the WARN Act ("Settlement Class Members")

**Introduction**

1.   On April 6, 2015, Plaintiff filed a Class Action Complaint and Jury Demand against Defendant (the "Complaint").  The Complaint alleges a Rule 23 class claim asserting that the Defendant violated the Worker Adjustment and Retraining Notification Act of 1988 (29 U.S.C. §§ 2101 – 2109) ("WARN Act").  The WARN Act requires an employer having more than 100 employees, exclusive of part-time, to give its employees working at facilities having at least 50 employees, exclusive of part-time, at least sixty (60) calendar days' advance written notice before ordering a plant closing.  An employer may give less than sixty (60) days written notice if it can show that certain defenses, as enumerated in the WARN Act, were applicable.  An employer who is found liable under the WARN Act can also seek reduction of damages on the grounds that it believed in good faith that it was in compliance with the WARN Act and that it had reasonable grounds for that belief.

2.   This Notice constitutes notice to the Settlement Class of (a) the proposed Settlement of the WARN Act class litigation; (b) an award of attorneys' fees to Class Counsel, defined below, of one-third (1/3) of the Settlement Amount (after the Service Payment, defined below), plus litigation expenses; (c) date of court hearing for final approval of the proposed Settlement Agreement and award of attorneys' fees and litigation expenses (d) the right of each member of the Settlement Class to opt-out or object to the Settlement Agreement and/or Class Counsel's attorneys' fees and litigation expenses and to appear at the hearing at which the Court will consider the final approval of the Settlement Agreement and Class Counsel's attorneys' fees and litigation expenses.

**Description of the Class Litigation**

3. The Complaint alleges that Defendant employed more than 100 employees who worked at least 4,000 hours per week within the United States; and that Defendant ordered a plant closing, as defined by the WARN Act, on or about February 27, 2015 at its facility located at 6423 Rising Sun Avenue, Philadelphia, Pennsylvania 19111 (the "Facility") that resulted in the loss of employment for at least 50 non-part time employees who worked at or reported to the Facility. The Complaint further alleges that a class should be certified consisting of the Plaintiff and the other similarly situated former employees terminated from the Facility, without cause on their part, on or about February 27, 2015, and thereafter, as the reasonably expected consequence of the plant closing, as defined by the WARN Act. The Complaint further alleges that the Plaintiff and the other similarly situated former employees terminated on or about February 27, 2015, and thereafter, as the reasonably foreseeable consequence of the plant closing are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendant 60 days' advance written notice of termination, as required by the WARN Act; and that the Defendant failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act. The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23.

4. On July 7, 2015, the Defendant filed its Answer to the Complaint ("Answers"). In its Answer, the Defendant asserted numerous affirmative defenses including the "unforeseeable business circumstances" exception. Defendant also asserted its actions were taken in good faith.

5. Also on July 7, 2015, a scheduling Order was entered and the parties commenced written discovery.

6. Following much discovery, the Parties agreed to mediate the WARN Act claims, along with wage and overtime claims made by separate lawsuit (Rodriguez, et al. v. Infinite Care, Inc., Civil Action No. 2:15-cv-02492-HB). A mediation was ultimately held on January 28, 2016 with The Honorable Elizabeth T. Hey. While Counsel for the Plaintiff and Defendant disagree as to whether Defendant has any obligation or liability under the WARN Act with respect to the claims asserted in the Complaint, in order to avoid further costly litigation and the uncertainties and risks associated therewith, the Parties agreed at the mediation to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action arising from the Complaint, and to enter into this Settlement Agreement, which includes certification of a proposed Settlement Class.

7. The following description of the proposed Settlement Agreement is only a summary. In the event of any difference between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control. You may secure a copy of the complete Settlement Agreement from Class Counsel M. Vance McCrary at the address shown below. The terms of the Settlement Agreement relevant to the Settlement Class may be summarized as follows:

**The Proposed Settlement Agreement**

8. The Parties agree that this action should be certified as a class action for settlement purposes only, consisting of approximately 1430 former employees. The Parties agree that Schedule 1 to the Settlement Agreement, which was derived from Infinite Care, Inc.'s books and records, is a complete list of all Settlement Class Members, i.e., all of those employees laid off on or about February 27, 2015, and thereafter, as the reasonably foreseeable consequence of the plant closing, who suffered an "employment loss" as defined by the WARN Act, who do not opt-out of the Settlement Class ("Settlement Class Members"). The Plaintiff Jessica Rodriguez has been named as Class Representative. The Gardner Firm, P.C. and Lankenau & Miller, LLP have been appointed as Class Counsel.

9. Pursuant to the terms of this Settlement Agreement, the Settlement Amount shall be equal to $472,000, payable by Defendant via wire transfer to The Gardner Firm, PC (according to instructions to be supplied by Class Counsel) within five business days of entry of the Final Order approving the Settlement Agreement. Once received, the Settlement Amount shall be distributed by Class Counsel as follows: (a) a one-time payment of $5,000 to Jessica Rodriguez for her services rendered in this action (the "Service Payment") and (b) the balance, after one third attorney fees, plus expenses of litigation, shall be divided equally among the proposed Settlement Class Members.

Following receipt of the Settlement Amount payment from Defendant, Class Counsel shall then promptly distribute settlement checks, along with an IRS Form 1099, to each Settlement Class Member.

10. The Settlement Agreement shall not become effective if the Court does not approve it.

11. The total amount of your gross and net projected recovery under the Settlement Agreement, after attorney fees and costs, is shown on Exhibit "A" annexed hereto.

### Class Counsel's Recommendation

12. Class Counsel recommends the Settlement Agreement, believing that it is fair, reasonable and adequate to the Settlement Class.

### Release of Claims and
### Effect of Approval of Settlement Agreement

13. Except for the rights arising out of, provided for, or reserved in this Settlement Agreement, each member of the proposed Settlement Class who does not opt-out of the proposed Settlement Class, for and on behalf of themselves, and their respective predecessors, successors assigns, affiliates and subsidiaries (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Defendant and its respective officers, directors, shareholders, affiliates, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties had or may now have against the Released Parties, which relate to or are based on employment of the Named Plaintiff and the other proposed Settlement Class Members with Defendant including but not limited to the WARN Act, the Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Law and/or the Pennsylvania Minimum Wage Act, state statutory law (excluding workers' compensation laws, unemployment compensation laws and discrimination laws) or common law (*e.g.*, unjust enrichment, quantum meruit) concerning their compensation, hours of work, pay for those hours of work, or Defendant's payroll practices – except that nothing herein shall release or impair in any way the Releasing Parties' rights to those certain settlements reached by the Commonwealth of Pennsylvania Department of Labor and Industry Bureau of Labor Law Compliance governing the payment of wages including overtime. The claims that are released hereunder are referred to herein as the "Claims".

### How to Object or Opt-out

14. If you are satisfied with the proposed settlement including Class Counsel's fees and litigation expenses and your total projected net recovery as shown on Exhibit "A", you need to do nothing and Class Counsel will mail your share of the settlement to your last known address indicated in Infinite Care Inc.'s books and records or to such updated address that you have provided to Class Counsel. If you are concerned that Class Counsel does not have your current address, please promptly notify Class Counsel as follows:

**Via Mail:** M. Vance McCrary, Esq.
210 S. Washington Ave.
Mobile, AL 36602

**Via Phone:** 251-433-8100

**Via Fax:** 251-433-8181

**Via Email:** apage@thegardnerfirm.com

15. If, on the other hand, you believe that the proposed settlement is unfair or inadequate or that Class Counsel's attorneys' fees and litigation expenses should not be approved, you may object to the Settlement Agreement and/or the attorneys' fees and litigation expenses by mailing certified mail, return receipt requested a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection, to the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, and by sending copies of that statement, also by certified mail, return receipt requested, to:

1) THE GARDNER FIRM, P.C., 210 S. Washington Ave.; Post Office Box 3103, Mobile, Alabama 36652, Attention: M. Vance McCrary, Esq.; **and**

2) FOX ROTHSCHILD LLP, 2000 Market Street, 20th Floor, Philadelphia, PA 19103, Attention: Steven K. Ludwig, Esq.

**Objections must be postmarked by June 24, 2016, and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement Agreement and the award of attorneys' fees and litigation expenses, as described above.**

16. You may also appear in person or by counsel at the final hearing described below.

17. If you choose not to be bound by this Settlement Agreement and do not wish to share in any of the benefits described herein, you may opt-out of the Settlement Class by filling out the attached "Opt-Out Form", and sign and mail that form by certified mail, return receipt requested, to: The Gardner Firm, P.C., 210 South Washington Avenue, P.O. Box 3103, Mobile, Alabama 36652, Attn: M. Vance McCrary, Esq. The Opt-Out Form must be postmarked by June 24, 2016. All requests for exclusion postmarked after that date will not be effective, and any person who sends a late request will be a member of the Settlement Class.

### Final Hearing to Approve Settlement Agreement and Award Attorneys' Fees

18. The hearing for final consideration and approval of the Settlement Agreement and the award of attorney's fees to Class Counsel is scheduled to take place before Hon. Nitza I. Quinones Alejandro on **SEPTEMBER 27, 2016 AT 10:00 A.M.** at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Courtroom 8B, 601 Market Street, Philadelphia, Pennsylvania 19106. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Mr. McCrary at the address shown above.

### Other Information

19. Any questions from members of the Settlement Class concerning this Notice or the WARN Act Class Litigation should be directed to: **The Gardner Firm, P.C., 210 S. Washington Ave.; Post Office Drawer 3103, Mobile, Alabama 36652, Attn: M. Vance McCrary, Esq**. All requests for more information, including a copy of the Settlement Agreement, should be sent by first-class mail to Mr. McCrary to the address indicated above.

20. While the Court has approved the sending of this Notice, that does not indicate, and is not intended to indicate, that the Court has any opinion as to the respective claims or defenses asserted by the parties in the WARN Class Litigation.

**PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESSICA RODRIGUEZ, *et al.*, | : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 2:15-cv-01824-NIQA |
| INFINITE CARE, INC., | : : | |
| Defendant. | : : : | |

**OPT-OUT FORM**

I, the undersigned, have read the foregoing Settlement Class Notice and understand its contents.

I **DO NOT** want to participate in the above WARN Act Class Litigation and **DO NOT** wish to receive any benefits from or be bound by the Settlement Agreement described herein.

_____   _____
SIGNATURE                                                    ADDRESS

_____   _____
NAME (printed or typed)                              CITY, STATE and ZIP CODE

_____   _____
DATE                                                              TELEPHONE

_____
EMAIL ADDRESS

## **Exhibit A**

«AddressBlock»

| | |
|---|---|
| Gross Projected Recovery Under The Settlement Agreement | $330.07 |
| Net Projected Recovery Under The Settlement Agreement, After the Deduction of Attorney Fees and Costs | $210.72 |