IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSICA RODRIGUEZ** *Plaintiff* | : : : | **CIVIL ACTION** |
| | : | **NO. 15-1824** |
| v. | : : | **CLASS ACTION** |
| **INFINITE CARE, INC.** *Defendant* | : : | |

**FINAL APPROVAL ORDER**

**AND NOW**, this 17th day of November 2016, upon consideration of the unopposed *motion for final approval of settlement agreement and for approval of attorneys' fees and costs* filed by Plaintiff Jessica Rodriguez ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("Rule") 23, [ECF 33], which seeks the approval of the settlement agreement ("Settlement Agreement") between Plaintiff, individually and as representative of the class of persons defined below ("Settlement Class"), and Defendant Infinite Care, Inc. ("Defendant"), and after the fairness hearing held on September 27, 2016, in accordance with Rule 23(e)(2), it is hereby **ORDERED** that the motion for final approval is **GRANTED**. Consistent with the accompanying Memorandum Opinion and based upon the evidence presented at the fairness hearing, and the review of the submissions of the parties, this Court makes following determinations:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and Defendants.

2. In accordance with the parties' stipulations and this Court's Preliminary Approval Orders, [ECF 29, 30], this matter satisfies the applicable prerequisites for class action treatment under Rule 23(a) and (b); that is: the Settlement Class, as defined in the Settlement Agreement, is

so numerous that joinder of all members is not practicable; there are questions of law and fact common to the Class; the claims of the Representative Plaintiff are typical of the claims of the Settlement Class; and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members. These questions include whether Defendant violated the *Worker Adjustment and Retraining Notification Act of 1988*, 29 U.S.C. §§ 2101-2109 *et seq*., (the "WARN Act"), when it ordered, on February 27, 2015, the closing of a facility plant at 6423 Rising Sun Avenue, Philadelphia, Pennsylvania 19111 (the "Facility"), resulting in the termination of Plaintiff's employment and that of over 1,000 similarly situated employees who worked at or reported to the Facility. The treatment of this matter as a class action is superior to other available methods for the fair and efficient adjudication of this action.

3. Previously, this Court approved a form of notice for mailing to the Settlement Class and ordered its dissemination. According to the parties' submissions, the approved form of notice was sent to each of the 1,430 Settlement Class Members on April 22, 2016. As such, notice to the Settlement Class required by Rule 23(e)(1) has been sent and provided in accordance with the Court's Amended Preliminary Approval Order, in an adequate and sufficient manner, constituting the best notice practicable under the circumstances, and satisfying Rule 23(e) and due process.

4. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, Defendant timely filed notification of this settlement with the appropriate federal officials. This Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

5. The Settlement Agreement was reached as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Representative Plaintiff.

6. The settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate to the members of the Settlement Class in light of the complexity, expense, duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

7. The relief provided under the settlement constitutes fair value given in exchange for the releases of claims as set forth in the Settlement Agreement.

8. In accordance with the provisions of the Amended Preliminary Approval Order, eight Settlement Class Members have excluded themselves from the Settlement Class.[1] No Settlement Class Members filed any objections to the Settlement Agreement.

9. The parties and each Settlement Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

10. It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and Defendant, which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order, should be presented exclusively to this Court for resolution.

---

[1] The eight opt-outs were: Gerthy Bijoux; Alisa Parker; Roberto Rodriguez; Lourdes Santos; Jackie Stevens; Elena Zorrilla; Mayerlin Zorrilla; and Mery Zorrilla. On October 21, 2016, this Court received an opt-out form from Tyrina Fulcher. [ECF 36]. Because Ms. Fulcher filed her opt-out after the June 24, 2016, deadline for opting out, her opt-out is not effective, and she is part of the Settlement Class. [*See* ECF 30 at 3; 33-5 ¶ 17].

Accordingly, it is **ORDERED** that:

1. This action is finally certified as a class action against Defendant, on behalf of a Settlement Class defined as follows:

> All of those employees laid off on or about February 27, 2015, and thereafter, as the reasonably foreseeable consequence of the plant closing, who suffered an "employment loss" as defined by the Warn Act, who do not opt-out of the Settlement Class.

2. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) as fair, reasonable, and adequate, and in the best interests of the Settlement Class. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

3. In addition, Class Counsels' attorneys' fees are approved in the amount of $155,666.67, and costs up to $10,000.00 are approved. Payment to the Representative Plaintiff Jessica Rodriguez is approved in the amount of $5,000.00, as consideration of her individual claims against Defendant and for the valuable service performed for and on behalf of the Settlement Class.

4. As agreed by the parties in the Settlement Agreement, within five (5) business days of the date of this Order, Defendant shall pay via wire transfer the sum of four hundred seventy-two thousand dollars ($472,000.00) (the "Settlement Amount") to The Gardner Firm, PC.

5. Once the Settlement Amount is received, Class Counsel shall make the following disbursements:

> (a) The sum of five thousand dollars ($5,000.00) to Representative Plaintiff Jessica Rodriguez, for her service to the Settlemnet Class and the time and effort spent litigating this action;
>
> (b) the sum of one hundred fifty-five thousand, six hundred sixty-six dollars and sixty-seven cents ($155,666.67) in attorneys' fees, and up to ten thousand dollars ($10,000.00) as reasonable costs to Class Counsel;

4

    (c)    the remaining Settlement Amount distributed evenly to the Settlement Class Members.

In addition, Plaintiff and Settlement Class Members who do not timely exclude themselves from the Settlement Class grant the following releases:

> Except for the rights arising out of, provided for, or reserved in this Settlement Agreement, each member of the proposed Settlement Class who does not opt-out of the proposed Settlement Class, for and on behalf of themselves, and their respective predecessors, successors assigns, affiliates and subsidiaries (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Defendant and its respective officers, directors, shareholders, affiliates, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties had or may now have against the Released Parties, which relate to or are based on employment of the Named Plaintiff and the other proposed Settlement Class Members with Defendant including but not limited to the WARN Act, the Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Law and/or the Pennsylvania Minimum Wage Act, state statutory law (excluding workers' compensation laws, unemployment compensation laws and discrimination laws) or common law (*e.g.*, unjust enrichment, quantum meruit) concerning their compensation, hours of work, pay for those hours of work, or Defendant's payroll practices–except that nothing herein shall release or impair in any way the Releasing Parties' rights to those certain settlements reached by the Commonwealth of Pennsylvania Department of Labor and Industry Bureau of Labor Law Compliance governing the payment of wages including overtime.

6.    The terms of the Settlement Agreement are herein incorporated as part of this Order.

7.    Consistent with the parties' agreement, in the event that any Settlement Class Member funds remain uncashed upon the 181st day following the initial payment of the Settlement Amount, such unclaimed funds ("Residual Funds") shall (1) be used to make WARN Act distributions to additional Settlement Class Members, if any, who may be identified after Class Counsel have made the distributions of the Settlement Amount and who fall within the

5

Class Definition herein but who did not appear on Schedule 1 ("Additional Settlement Class Members"); (2) be distributed pro rata to Settlement Class Members through a supplemental distribution as long as Class Counsel determines that such distribution is feasible, and (3) if any Residual Funds remain after distributions are made to any Additional Class Members or current Settlement Class Members as a supplemental distributions, then the Residual Funds should be donated to The Impact Fund, a non-profit 501(c)(3) charitable organization dedicated to employee rights. No portion of the Residual Funds shall revert to or be retained by Class Counsel or Defendant for any reason.

8. Without affecting the finality of the judgment, this Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the terms of the settlement. In addition, without affecting the finality of this judgment, this Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement.

9. This Court finds, in accordance with Rule 54(b), that there is no just reason for delay in the enforcement of this Order. This action is hereby dismissed on the merits, with prejudice. The Parties are to comply with all the terms of the Settlement Agreement and this Order. The Clerk of Court is directed to enter final judgment and to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*